Matthew T. Christensen, ISB: 7213
JOHNSON MAY
199 N. Capitol Blvd., Ste. 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile:  (208) 629-2157
Email: mtc@johnsonmaylaw.com

*Attorney for Plaintiff/Counterdefendant*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>IDAHO HEALTH DATA EXCHANGE, INC.,<br><br>Debtor. | Case No. 22-00355-JMM<br><br>Chapter 11<br>(Subchapter V) |
| IDAHO HEALTH DATA EXCHANGE, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CUREOUS INNOVATIONS, INC., a Delaware corporation; ADA COUNTY DISTRICT COURT, a political subdivision of the State of Idaho,<br><br>Defendants. | Adversary No. 22-06018-JMM<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON IHDE'S PREFERENCE TRANSFER CLAIM** |
| CUREOUS INNOVATIONS, INC., a Delaware Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>IDAHO HEALTH DATA EXCHANGE, INC., an Idaho corporation,<br><br>Counterdefendant. | |

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON IHDE'S PREFERENCE TRANSFER CLAIM – PAGE 1

Plaintiff Idaho Health Data Exchange, Inc., submits the following points and authorities in support of its Motion for Summary Judgment:

Idaho Health Data Exchange, Inc., ("Plaintiff) is seeking to recover the sum which was the subject of preference transfers to, or for the benefit of, Cureous Innovations, Inc. ("Cureous") in the amount of $469,767.83. For the reasons outlined below, the Court should grant IHDE's request to avoid the transfer and order Cureous and order Ada County District Court or Ada County Sheriff to return the seized funds.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to summary judgment if that party shows that each material fact is not, or cannot be, disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)-(B).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Rather, there must be no genuine dispute as to any material fact in order for a case to survive summary judgment. Material facts are those "that might affect the outcome of the suit." *Id*. at 248. A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON IHDE'S PREFERENCE TRANSFER CLAIM – PAGE 2

judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

If the moving party makes the required initial showing, then the burden shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which [a] jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## ARGUMENT

IHDE's first claim for relief in this Adversary Case is for recovery of preference transfers made to, or for the benefit of, Cureous. In order to prevail on this claim, IHDE must show the following:

1. A transfer of property in which the Debtor had an interest occurred;
2. To or for the benefit of a creditor;
3. On account of an antecedent debt owed to that creditor before the transfer was made;
4. Made while the Debtor was insolvent;
5. Made within 90 days of the filing of the Debtor's bankruptcy petition;
6. That enabled the creditor to receive more than the creditor would have received if the case were under Chapter 7 and the transfer had not been made and the creditor had participated in the Chapter 7 distributions.

See 11 U.S.C. §547(b).

In its Answer to the Complaint, Cureous admits the first, second, third and fifth elements of this claim.  Thus, the only dispute is regarding whether the Debtor was insolvent and whether Cureous received more than it would have in a hypothetical Chapter 7 case.

Pursuant to the Code, the Debtor is presumed to be insolvent within the 90 day period prior to the petition date.  *See 11 U.S.C. §547(f)*.  Consequently, Cureous bears the burden of proving IHDE's solvency.  *See, e.g., Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra Steel, Inc.)*, 96 B.R. 275 (9th Cir. BAP, 1989).  Cureous cannot meet this burden.  "Insolvency" in the context of a preference claim is generally defined using a balance-sheet test: do the Debtors assets exceed its liabilities?  *See, e.g., 11 U.S.C. §101(32)*.  As shown on the Debtor's bankruptcy schedules, just weeks after the transfers occurred, the Debtors liabilities far outweigh its assets.  Further, the claims filed in the underlying bankruptcy case exceed the amount of liabilities listed on the Debtor's schedules – thus further supporting the fact that the Debtor meets the balance-sheet test of insolvency.

Insolvency can also be shown by showing that the Debtor was not paying its debts as they became due.  While denying this allegation in its Answer, Cureous belies this denial by asserting in its Counterclaim that the Debtor was not paying Cureous amounts which Cureous claimed were due, at the time the garnishment occurred.  Indeed, the very theory behind the garnishment was that Cureous' debts were owed and not being paid.  Consequently, under either a balance-sheet or paying-debts-when-due test, the Debtor was insolvent at the time of garnishment occurred.  Cureous cannot meet its burden of showing the Debtor was solvent at that time.

This leaves, then, just the final element of the preference claim that Cureous continues to dispute.  At the time of the transfers, Cureous had alleged that it was owed $788,544.00.  As a result of the garnishment, Cureous received $469,767.83.  Based on the Debtor's sworn bankruptcy

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON IHDE'S PREFERENCE TRANSFER CLAIM – PAGE 4

schedules, the Debtor had unsecured claims against it of $4,221,394.12.  So far in the bankruptcy case, the Debtor has several Proof of Claim that have been filed.  Based on the schedules and filed Proof of Claim, the following amounts are claimed by creditors:

| Creditor | Amount Scheduled | Amount of Proof of Claim | Percentage of POC total |
|---|---|---|---|
| 4Medica | $ 45,000.00 | | 1.03% |
| Amazon Web Services | $ 3,418.06 | | 0.08% |
| Briljent | $ 15,500.00 | | 0.35% |
| C2 Consulting | $ 80,000.00 | $ 80,000.00 | 1.83% |
| Capitol Health Associates | $ 202,421.04 | | 4.63% |
| Cureous Innovations | $ 788,544.00 | $ 958,110.54 | 21.93% |
| Health System Transformation | $ 78,252.34 | | 1.79% |
| KPI Ninja | $ 213,000.00 | | 4.88% |
| Orion Health | $135,955.00 | | |
| Orion Health | $2,171,294.37 | $ 2,281,100.43 | 52.22% |
| Paramount Consulting | $ 71,368.35 | | 1.63% |
| PointCare | $ 80,330.00 | | 1.84% |
| Primus Policy Group | $ 5,000.00 | | 0.11% |
| SPUR Catalyst | $ 331,310.96 | $ 334,531.37 | 7.66% |
| | | | |
| **TOTAL** | **$ 4,221,394.12** | **$ 4,368,032.13** | **100.00%** |

As outlined in IHDE's Chapter 11 Plan, in a hypothetical Chapter 7 liquidation, there would be approximately $903,525.00 available to distribute to unsecured creditors (assuming the preference claim was avoided and funds recovered).  In that case, based on the claim amounts outlined above, Cureous would receive approximately $198,143.00.[1]  As a result of the preference

---

[1] An even simpler analysis could be used.  "As long as the distribution in the bankruptcy case is less than one-hundred percent, any payment "on account" to an unsecured creditor during the preference period will enable that creditor to receive more than he would have received in liquidation had the payment not been made."  *Elliott v. Frontier Props (In re Lewis W. Shurtleff, Inc.)*, 778 F.2d 1416, 1421 (9th Cir., 1985).  Under either the proposed Chapter 11 plan, or a hypothetical Chapter 7 liquidation, distributions to unsecured creditors will not be one-hundred percent.  Consequently, the transfers are avoidable.

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON IHDE'S PREFERENCE TRANSFER CLAIM – PAGE 5

transfers, Cureous received much more than it would have received in a hypothetical Chapter 7 liquidation with distribution made according to the normal distribution scheme. Consequently, the final element of the preference claim is also met.

Cureous has not asserted any valid defenses to IHDE's preference claim. Indeed, there does not appear to be any valid reason why Cureous has not already returned the funds which were seized and garnished. Because all of the elements for recovery of a preference transfer are either undisputed or clearly present here, IHDE requests this Court grant it summary judgment on its preference claim and order Cureous and/or the Ada County District Court or Ada County Sheriff to release the seized funds and return them to IHDE.

DATED this 12th day of January, 2023     **JOHNSON MAY**

By: __/s/ Matt Christensen_____
    Matthew T. Christensen
    Attorney for Plaintiff,
    IHDE Inc.

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 12th day of January, 2023, I filed the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON IHDE'S PREFERENCE TRANSFER CLAIM., electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Nicole C. Hancock | nicole.nancock@stoel.com |
| J.B. Evans | jb.evans@stoel.com |

     Any others as listed on the Court's ECF Notice.

                                              /s/ Matt Christensen
                                              Matthew T. Christensen